WHITTAKER and MOORE, assignees, &c. *vs.* MERRILL and others.

A right of action for the conversion of promissory notes will pass to the assignees of the owner, under a general assignment executed by him, of all his property, for the benefit of creditors.

But where the assignees count only upon a conversion subsequent to the assignment, as shown by the refusal of the defendants to deliver the notes, on a demand made in their behalf, and they give evidence tending to sustain that claim, it is not competent for them afterwards to avail themselves of the original right of action, so assigned to them, for a conversion previous to the assignment.

The objection, in such a case, is not one of variance between the proof and the pleading, but is an objection to proving and recovering upon another and entirely distinct cause of action from that alleged in the complaint.

And the assignees being thus restricted to a cause of action accruing after the assignment, proof of a previous seizure of the notes, under an attachment issued against the assignor, will be fatal to the action.

APPEAL from a judgment entered at a special term, after a trial at the circuit. The action was brought for the conversion by the defendants of three negotiable promissory notes, amounting in the aggregate to $2101.42 of principal, made by Daniel Tompkins, and payable to Clinton Evans, or bearer, the assignor of the plaintiffs. On or about the 1st. of August, 1854, the defendants converted these notes to their own use. On the 8th of August, Evans, the owner of the notes, made a general assignment to the plaintiffs for the benefit of his creditors. On the 28th of August, 1854, the plaintiffs, in their character of assignees, demanded the notes of the defendants, and they refused to give them up, and immediately thereafter this action was commenced, and was tried at the circuit in Steuben county, in May, 1859. The defendants proved the commencement of a suit against Evans, and the issuing of an attachment, and levy of the same on the notes, before the assignment by Evans. (*See* 28 *Barb.* 526, *S. C.*)

The court directed the jury to find a verdict for the defendants. The plaintiffs appealed.

*John Maynard,* for the appellants.

*Geo. T. Spencer,* for the defendants.

*By the Court,* T. R. STRONG, J. Assuming that there was a conversion by the defendants of the notes in question, either by the mode in which they obtained them from Converse, the agent of Evans, or as evidenced by their refusal to deliver them to Converse when he demanded them, the cases of *Mc-Kee* v. *Judd,* (2 *Kern.* 622,) and *Waldron* v. *Willard,* (17 *N. Y. Rep.* 466,) are decisive that the cause of action for that conversion, passed to the plaintiffs by the general assignment made to them shortly afterwards by Evans, of his property, debts and effects; and that, aside from a question of a defense by a levy under the attachment, the plaintiffs might

Whittaker *v.* Merrill.

have counted and recovered upon that cause of action. The schedule annexed to the assignment, as forming part thereof, in terms embraces the notes, and states that they were then in the hands of, or under the control of, the defendants, and were wrongfully withheld from them by Evans. The assignment, independent of the schedule, is comprehensive enough to include that cause of action; and it is manifest, from the language of the schedule, that it was intended to be transferred. In the case first cited, it is held that a cause of action for the conversion of chattels is assignable; and in the other case it is adjudged, that where it is apparent from the terms of the assignment of goods delivered to a common carrier to be carried, and which he had neglected to deliver, that it was intended to assign also a demand for a breach of the contract of carriage, although not so expressed directly, the assignment will have that operation. Those principles are directly in point in the present case.

But the plaintiffs have counted only upon a conversion subsequent to the assignment, as shown by the refusal of the defendants to deliver the notes on a demand in their behalf— a cause of action accruing to them directly, and not to their assignor, and assigned to them—and they gave evidence tending to sustain it. I think it was not competent for the plaintiffs, under the complaint, after giving such evidence, to avail themselves, against the objection of the defendants, of the former cause of action. The objection is not of variance between the proof and the pleading, but to proving and recovering upon another and entirely distinct cause of action from that alleged in the complaint.

Restricting the plaintiffs to a cause of action accruing after the assignment, the previous seizure of the notes under the attachment seems to be fatal to the action. It was decided in this case, when formerly before the court at general term, that the levy could not be impeached collaterally, by evidence that the notes were obtained by the plaintiffs fraudulently, with a view to such a seizure.

With these views of the case, no error to the prejudice of the plaintiffs was committed at the trial; and the judgment should be affirmed.

[MONROE GENERAL TERM, December 5, 1859. *T. R. Strong, Welles* and *Johnson,* Justices.]