JOHN OSBY, Respondent, *v.* WILLIAM B. CONANT, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, JUNE, 1871.)

The defendant purchased from a third person, to whom plaintiff had entrusted it, a county treasurer's certificate for a bounty bond belonging to the plaintiff, and obtained the bond from the county treasurer.—*Held,* that the plaintiff could not recover from the defendant the value of the bond, after demand duly made.

*Held,* also, that there was no foundation for an action in the nature of tort, by the plaintiff against the defendant.

THIS is an appeal from a judgment against defendant, entered upon the report of a referee, for $500, and interest from the 31st day of August, 1864.

The complaint alleged that the board of supervisors of Albany county appropriated, in 1864 (24th August), an amount of money necessary to pay $900 to each man enlisted and accepted in the service of the army of the United States, and credited to that county; and authorized the treasurer of that county to issue bonds to raise said money and pay the bounty; that, on the 29th August, 1864, the plaintiff enlisted at Albany under the assumed name of John Donahue, and was credited to Albany county; that, subsequently, the treasurer of Albany county issued a bond of $500, whereby the county of Albany promised to pay John Donahue $500, which bond was accepted by the plaintiff in lieu of $500 of his bounty; that, at the time of the execution of the bond, the treasurer gave the plaintiff a certificate, in writing, certifying that John Donahue was entitled to one bond of the sum of $500; that the defendant, on the 4th November, 1864, wrongfully and without authority obtained said bond, and wrongfully converted it to his own use; that, in September, 1866, the plaintiff demanded it, and the defendant refused.

On the trial it appeared and was found, that, at the time the plaintiff was enlisted, there was no bond in existence; that he took a promise in writing from the county treasurer

to issue a bond within thirty days thereafter for John Dona-
hue, and that the plaintiff immediately caused the said pro-
mise or certificate to be indorsed payable to Benjamin Dona-
hue, delivered it, so indorsed, to one Hodgkins (part as a gift,
and in part payment of a debt, as Hodgkins swears, but for
safe keeping, as plaintiff swears), who became the holder
thereof. John Donahue and Benjamin Donahue were both
entirely fictitious persons.

Hodgkins, a couple of months after, either through himself
or another, presented the certificate to the defendant, repre-
senting that he was the Benjamin Donahue entitled to the
bond, and offering to sell it to him. The defendant thereupon,
in good faith, bought the certificate and paid $450 therefor.
Subsequently he applied to the county treasurer for the Dona-
hue bond called for by the promise, and, after some demur
on the part of the treasurer, on the ground that Benjamin
Donahue's indorsement was not on the certificate, he filled up
and issued to the defendant a bond for $500, which the defend-
ant disposed of in the course of business, before any demand
or notice of the plaintiff's claim.

The referee found in favor of the plaintiff, and the defend-
ant duly excepted to his finding. Judgment was entered upon
the referee's report, and the defendant appealed to the Gene-
ral Term of the Supreme Conrt.

*S. Hand,* for the appellant.

*W. Lounsbury,* for the respondent.

Present—MILLER, P. J., POTTER and PARKER, JJ.

MILLER, P. J. Upon the facts presented in this action, I
am at loss to see how the plaintiff can recover, within the
principle of *Patrick* v. *Metcalf* (37 N. Y., 333), and *Butter-
worth* v. *Gould* (41 N. Y., 450). In the cases cited, it was
held that where there were two claimants for the same
money, and the amount paid erroneously to one of these, an

action will not lie by the one excluded against the former to recover the same. In *Patrick* v. *Metcalf*, PARKER, J., says: "When two claimants for the same service apply to the party bound to pay for the same, one of which is recognized as the person entitled to payment, the party excluded derives no right, from the circumstances, to the money paid to his competitor. It is not money received to his use for the payment thus made does not in any respect affect his right still to call on his debtor for payment to himself, and it makes no difference whether such debtor is an individual or the government." Within this principle it matters not that the plaintiff was entitled to the money in question, and that the defendant had no right whatever to it. Nor does it alter the case even if the defendant had knowledge of the plaintiff's claim. The remedy of the plaintiff, if any he had, was against the county treasurer, and not against the defendant.

The case presented is in no way similar to one where money has been paid by mistake, for which an action will lie (*Kingston Bank* v. *Eltinge*, 40 N. Y., 391), and there is no ground for claiming that there was a privity of contract between the parties which entitles the plaintiff to maintain this action.

Nor, in my opinion, can the plaintiff recover upon the ground that a cause of action, in the nature of a tort, can be sustained upon the facts presented.

It follows, from the remarks made, that the referee erred in finding for the plaintiff, and for this error the judgment must be reversed and a new trial granted, with costs to abide the event.

New trial granted