JOHNSON v. NEW YORK BREWERIES CO., Limited.

(Circuit Court of Appeals, Second Circuit. April 11, 1910.)

No. 253.

CORPORATIONS (§ 657*)—FOREIGN CORPORATIONS—NONCOMPLIANCE WITH STATE LAWS—VALIDITY OF CONTRACTS.

The provision of General Corporation Law N. Y. (Consol. Laws, c. 23) §§ 15, 16, that no foreign stock corporation doing business in the state shall maintain any action in the state upon any contract made by it in the state, unless prior to making of such contract it shall have procured from the Secretary of State a certificate that it has complied with all the requirements of law to entitle it to do business in the state, does not render void a contract made by a foreign corporation which has not obtained such certificate, but merely makes its possession before the contract is made a condition precedent to an action thereon in a state court; and, the contract being valid, an action may be brought on it in a federal court.

[Ed. Note.—For other cases, see Corporations. Cent. Dig. § 2540; Dec. Dig. § 657.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by the New York Breweries Company, Limited, against Charles O. Johnson. From an order (171 Fed. 582) sustaining a demurrer to a portion of the amended answer, defendant brings error. Affirmed.

On writ of error to review an order of the Circuit Court for the Southern District of New York, which sustained the plaintiff's demurrer to the "further separate and distinct defense," contained in the amended answer, which alleged that the contract set out in the complaint could not be enforced for the reason that the plaintiff, being a foreign corporation, has not complied with the provisions of sections 15 and 16 of the general corporation law of New York (Consol. Laws, c. 23). This law provides that no foreign stock corporation, other than a moneyed corporation, shall do business in the state of New York without procuring a certificate, as therein provided, permitting them to do so.

Appell & Taylor (George H. Taylor, Jr., of counsel), for plaintiff in error.

Abraham Benedict, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The action is brought to recover damages for breach of contract. The plaintiff is a foreign corporation doing business in the state of New York. The state law provides that no such corporation "shall do business in the state without having first procured from the Secretary of State a certificate that it has complied with all the requirements of law to authorize it to do business in this state." The statute further provides that:

"No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state unless prior to making of such contract it shall have procured such certificate."

---

The plaintiff has not procured such a certificate. The question then is—Can the plaintiff, without such certificate, maintain this action in the federal courts which, otherwise, would have jurisdiction? In construing a state statute resort must first be had to the courts of the state enacting it. Unless the statute contravenes a law of the United States, organic or statutory, the construction placed upon it by the state tribunals should be followed by the federal courts.

The precise question here presented has not been decided by the Court of Appeals of this state, but in 1898 the court construed the act of 1892, in the case of Neuchatel Asphalte Co. v. Mayor, 155 N. Y. 373, 49 N. E. 1043. The provision of the law requiring a foreign corporation to procure à certificate was similar to that of the present act, but the prohibition against bringing an action was that:

"No foreign stock corporation doing business in the state without such certificate shall maintain any action in this state upon any contract made by it in this state until it shall have procured such certificate."

The court held that the act did not deny relief but simply suspended it until the certificate should be secured and that the purpose of the law was not to avoid contracts, but to provide an effective control of the business carried on by foreign corporations. The law provided no penalty other than a suspension of civil remedies.

In the case of Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21, the Court of Appeals construed the language of the statute now under consideration and held that the procuring of the certificate is a condition precedent to the right of a foreign corporation to do business in the state and that, in an action brought by it to recover for goods sold and delivered, an allegation in the complaint that the certificate has been procured is essential, in order to set forth a good cause of action. There are expressions in this opinion which seem to indicate that should the direct question come before the court, its decision may be that the act makes void contracts entered into by foreign corporations doing business in this state without a certificate. For instance, the court says, at page 224 of 190 N. Y., and page 22 of 83 N. E.:

"Aside from the provision withholding legal remedies, no such· corporation can lawfully make contracts in this state without obtaining the certificate in advance."

However this may be, it is clear that the Court of Appeals has not as yet held a contract void, made in such circumstances. It has held that such a contract cannot be enforced in the state courts and that this is the only penalty prescribed. Of course the federal courts may entertain an action upon a contract which is not void under the state law. Until the state legislature enacts a law declaring such contracts void or the highest court of the state construes the present law as so declaring, we think the federal courts should not close their doors to actions arising under such contracts.

This conclusion is sustained by a great preponderance of authority. The question is ably discussed in the case of Allegheny Co. v. Allen, 69 N. J. Law, 270, 55 Atl. 724. The court says:

"If, therefore, the New York statute expressly declared the promissory note in suit to be a void contract or if the courts of New York have adjudged that the statute of that state is to be construed to that effect, the same effect must be given to it here, and it must be held to furnish no legal foundation for an action in our courts. The New York statute does not, in terms, declare the contract void; it provides that no suit on it shall be maintained in that state. No case has been brought to our attention in which the courts of New York have held that under the statute as it now exists the contract made in that state is void."

This case was taken to the Supreme Court, but the writ of error was dismissed. 196 U. S. 458, 25 Sup. Ct. 311, 49 L. Ed. 551.

Another instructive case is Blodgett v. Lanyon Zinc Co., 120 Fed. 893, 58 C. C. A. 79, where the court, inter alia, says:

"The object of these statutes was to subject foreign corporations doing business in the state to the jurisdiction of its courts, and to the inspection and supervision of its officers, not to the end that the citizens of the state might avoid their contracts and perpetrate injustice, but to the end that justice might be administered to both the corporations and the citizens. * * * The second rule is that where a contract or an act in performance of it is not malum in se, and its invalidity is not declared as a penalty for a violation of a statute, the courts may not declare it, and thus affix a penalty not prescribed by the law-making power."

See, also, Groton Bridge Co. v. American Bridge Co. (C. C.) 151 Fed. 871; Crefeld Mills v. Goddard (C. C.) 69 Fed. 141.

The order is affirmed with costs.