HENRY W. MAHAR, Respondent, *v.* HARRINGTON PARK VILLA SITES and LAURA A. SKINNER, Appellants.

(Supreme Court, Appellate Term, April, 1911 )

Contracts — Validity of contracts — Effect of invalidity or illegality — Recovery back of value parted with on an illegal contract.

Foreign corporations — Powers, duties, rights and liabilities — Contracts — Validity of contract by corporation not authorized to do business.

> Money paid to a foreign corporation upon a contract for the sale of lands in this State may not be recovered back on the sole ground that the corporation has not complied with section 15 of the General Corporation Law and obtained the certificate permitting it to carry on business in this State.

APPEAL by the defendants from a judgment of the Municipal Court of the city of New York, borough of Manhattan, sixth district, rendered in favor of the plaintiff.

Alexander Thain, for appellants.

Robert Lyon (James J. Fitzgerald, of counsel), for respondent.

SEABURY, J.   The defendants appeal from a judgment overruling a demurrer to the complaint.   The complaint

alleges that, on or about the 27th of July, 1909, the plaintiff had various negotiations with the defendants regarding the sale by the defendants and the purchase by the plaintiff of certain real property situated in the State of New Jersey; that the defendants and plaintiff entered into a written agreement for the sale to plaintiff of the property referred to in the contract, " Which contract is hereby referred to for more particularity;" that said contract required plaintiff to pay to defendants, as part payment on said contract, the sum of $500, and plaintiff delivered to defendants a check which was afterward duly paid; that the defendant Harrington Park Villa Sites, at the times named, was a foreign corporation other than a moneyed corporation, organized and existing under the laws of the State of New Jersey, and had an office for the transaction of business in the State of New York, and that the transaction referred to took place in the city and State of New York; that at the times aforesaid the defendant Harrington Park Villa Sites had not filed with the Secretary of State of New York the statement required by law, and had not paid the tax nor obtained the certificate to enable it as a foreign stock corporation, other than a moneyed corporation, to do business in the State of New York in violation of section 15 of the General Corporation Laws of the State of New York; that the plaintiff under said contract deposited with defendants the sum of $500, and before the commencement of this action demanded from the defendants the aforesaid sum of money, no part of which has been paid.

The complaint fails to state facts sufficient to constitute a cause of action, and the demurrer should have been sustained. While the complaint alleges a contract between the parties and the payment by the plaintiff to the defendants of $500, and a demand for the return of this sum and the defendants' refusal to comply with the demand, it fails to allege a breach of the contract on the part of the defendants. Indeed the plaintiff does not claim that the defendants were guilty of a breach of contract. The plaintiff's sole contention rests upon the alleged fact that the defendant was doing business in New York State in violation of section 15 of the

General Corporation Law.   Even if we assume for the purpose of this demurrer that the allegations of the complaint sufficiently allege facts showing that the defendant was a foreign stock corporation within the meaning of section 15 of the General Corporation Law of the State of New York, and that it was doing business in this State without having obtained the certificate required by this section, it does not follow that the plaintiff may recover back money paid to the defendant under a contract made with it. .

As I understand the provisions of the statute, they do not go so far as to declare that all contracts made by a foreign corporation which does business in this State without complying with section 15 of the General Corporation Law are illegal and void, and that money paid under such contracts can be recovered back.   While *dicta* may be found in some of the opinions in this State indicating that such is the proper interpretation of the statute, no case which has been called to our attention has so decided.   The weight of authority seems to be against the view that the statute should be construed to affix a penalty which the Legislature has not distinctly prescribed.   Johnson v. N. Y. Breweries Co., 178 Fed. Rep. 513.

I think that the complaint is demurrable, and that the demurrer should have been sustained, with costs.

Judgment reversed, with costs; and the demurrer sustained, with costs in this court and in the court below, with leave to respondent to amend upon payment of costs within six days.

BIJUR and PAGE, JJ., concur.

Judgment reversed.