## THOMAS v. BIRMINGHAM RY., LIGHT & POWER CO.

(District Court, N. D. Alabama, S. D. April 13, 1912.)

No. 1,375.

**1. CORPORATIONS (§ 661*)—FOREIGN CORPORATIONS—RIGHT TO SUE.**

A foreign corporation, which makes a contract in a state for performance there, without complying with the statute of the state imposing conditions on foreign corporations before engaging in business in the state and preventing the maintenance of actions by delinquent corporations, may sue in a federal court on the contract; but, where the state statute renders void all contracts made and transactions done by a delinquent corporation within the state, a delinquent corporation may not sue in a federal court.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2539, 2543, 2544, 2546, 2563–2567; Dec. Dig. § 661.*]

**2. COURTS (§ 366*)—FEDERAL COURTS—DECISIONS OF STATE COURTS.**

The decisions of a state court, invalidating contracts made in the state by a foreign corporation which has not complied with the laws of the state, will be followed by the federal courts, and no action can be maintained in the federal courts on such invalid contract.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. § 366.*

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

**3. COURTS (§ 365*)—FEDERAL COURTS—DECISIONS OF STATE COURTS.**

The decisions of a state court that contracts made and transactions done in the state by a foreign corporation, which has not complied with the laws of the state, do not constitute interstate transactions, will be followed in the federal court in an action on such a contract, in the absence of conflicting and controlling authority in the federal courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 950, 952, 955, 969–971; Dec. Dig. § 365.*]

**4. BANKRUPTCY (§ 280*)—FOREIGN CORPORATIONS—NONCOMPLIANCE WITH STATUTES—EFFECT.**

Where a contract made in a state by a foreign corporation to be performed there is void because of the failure of the corporation to comply with the law of the state, its trustee in bankruptcy may not sue in the federal court on the contract.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 425; Dec. Dig. § 280.*]

**5. CORPORATIONS (§ 661*)—FOREIGN CORPORATIONS—NONCOMPLIANCE WITH LAWS OF STATE—CONTRACTS—VALIDITY.**

Where a foreign corporation executed outside of the state a contract which must be performed within the state, and which required it to do business in the state, and it had not complied with the laws of the state regulating foreign corporations and providing that contracts made and transactions done by delinquent corporations within the state shall be void, no action could be maintained in the federal courts on the contract.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2539, 2543, 2544, 2546, 2563–2567; Dec. Dig. § 661.*]

**6. CORPORATIONS (§ 661*)—FOREIGN CORPORATIONS—NONCOMPLIANCE WITH STATUTES—CONTRACTS—PERFORMANCE—QUANTUM MERUIT.**

Where a statute imposing conditions on foreign corporations prohibits the making of contracts and performance thereof, without first com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plying with the conditions, a foreign corporation not complying with the conditions, executing a contract outside of the state to be performed in the state, may not, after performance, maintain an action on a quantum meruit.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2539, 2543, 2544, 2546, 2563–2567; Dec. Dig. § 661.*]

7. CORPORATIONS (§ 659*)—FOREIGN CORPORATIONS—NONCOMPLIANCE WITH STATUTES—CONTRACTS—PERFORMANCE—QUANTUM MERUIT.

The fact that a foreign corporation, making a contract outside of the state to be performed in the state, has performed its part, does not prevent the defense of the illegality of the contract and performance because of the failure of the corporation to comply with the laws of the state imposing conditions on foreign corporations and declaring that transactions by delinquent corporations in the state are void, when the corporation sues either on the contract or on an implied contract.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2561, 2562; Dec. Dig. § 659.*

Foreign corporations doing business in state, see notes to Wagner v. J. & G. Meakin, 33 C. C. A. 585; Ammons v. Brunswick-Balke-Collender Co., 72 C. C. A. 622.]

8. CORPORATIONS (§ 657*)—FOREIGN CORPORATIONS—NONCOMPLIANCE WITH STATUTES—CONTRACTS—PERFORMANCE—QUANTUM MERUIT.

Where a contract made by a foreign corporation, which had not complied with the laws of the state regulating foreign corporations, was entire, and the transaction involved interstate commerce as an entirety or not at all, there may be no separation of the contract into intrastate and interstate business so as to justify a recovery for the latter alone.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2536–2543, 2552–2554; Dec. Dig. § 657.*]

At Law. Action by Seymour P. Thomas, trustee in bankruptcy of the Scofield Company, against the Birmingham Railway, Light & Power Company. Judgment for defendant.

Gaston & Pettus, for plaintiff.
Tillman, Bradley & Morrow, for defendant.

GRUBB, District Judge. This cause is submitted by agreement for decision upon a preliminary defense only and upon stipulated facts, so far as that defense is concerned. If the defense is sustained, a judgment for the defendant with costs is to be entered; if overruled, the defendant is to have the opportunity to present further defenses without prejudice.

The plaintiff is the trustee in bankruptcy of the Scofield Company. The Scofield Company was a New York corporation, which at the time of the making of the contracts sued on and the performance thereof had not qualified to do business in Alabama as required by its Constitution and statutes, imposing entrance conditions upon foreign corporations before engaging in business in this state. The defense is that the failure to comply made void the contracts and precluded a recovery for the value of materials furnished and work performed under them.

It is conceded that there was no compliance with the Alabama law and that the failure to comply with it would preclude a recovery in a state court of Alabama upon the cause of action sued on.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] The plaintiff contends that the statute does not preclude the plaintiff from seeking redress in the federal court. This is undoubtedly the rule where the effect given to the state statute by the courts is that it merely prevents the maintenance of a suit by the delinquent corporation. Johnson v. New York Breweries Co., 178 Fed. 513, 101 C. C. A. 639. The rule is otherwise where the effect of the legislation is to render void all contracts made and transactions done by the delinquent corporation within the state. Johnson v. New York Breweries Co., 178 Fed. 513, 101 C. C. A. 639; Chattanooga Building Association v. Denson, 189 U. S. 408, 23 Sup. Ct. 630, 47 L. Ed. 870.

[2] The Alabama legislation has been construed by its court of last resort to invalidate contracts and transactions done within the state by foreign corporations which have not qualified themselves to engage in business therein. Dudley v. Collier, 87 Ala. 431, 6 South. 304, 13 Am. St. Rep. 55; Alabama West Railroad Co. v. Tally Bates Construction Co., 162 Ala. 396, 50 South. 341; American Amusement Co. v. East Lake Chutes Co. (Ala.) 56 South. 961; Muller. Co. v. First National Bank of Dothan (Ala.) 57 South. 762. The federal courts will follow the construction of the Alabama Constitution and statutes in this respect. Chattanooga Building Association v. Denson, 189 U. S. 408, 23 Sup. Ct. 630, 47 L. Ed. 870. From this it results that no action can be maintained upon a contract, subject to this infirmity under the Alabama statute in the federal court.

[3] The plaintiff also contends that the transaction is one of interstate commerce, and that the bankrupt was not required to comply with the conditions prescribed by the statute as to it. The cases of Amusement Co. v. East Lake Chutes Co. (Ala.) 56 South. 961, and Muller Co. v. Bank of Dothan (Ala.) 57 South. 762, each hold that it is not an interstate transaction, and, while not conclusive on this court, will be followed in the absence of conflicting and controlling authority in the federal courts, both on account of their authority and reason.

[4] The plaintiff also contends that the plaintiff, being an individual and not a foreign corporation and suing as trustee in bankruptcy, cannot be precluded from maintaining the action. If the only effect of the statute was to disqualify the foreign corporation from maintaining a suit, the objection might have force. The effect of the Alabama legislation being that no cause of action can be maintained on the void contract, the status of the plaintiff is not material, provided the cause of action is based upon the void contract.

[5] The plaintiff also contends that the defense should not succeed because the stipulation fails to show that any one of the contracts sued on was executed in Alabama. The tenth paragraph of the stipulation is as follows:

"That the making of said contracts, and the performance thereof by the Scofield Company, including said extra work, constitute the only business the said Scofield Company ever did or engaged in within the state of Alabama."

This would imply that the making of the contracts was the engaging in business in Alabama. The eleventh paragraph is, however, in conflict with this implication. Is the contention sound, assuming that

the contracts were executed outside of the state of Alabama? It is conceded that they were to be performed and were in fact performed within the state, and that the parties so contemplated when they contracted. It is conceded that their performance required the bankrupt to engage in business in this state. If, before so engaging, it had complied with the state laws as to entrance conditions, the contracts would have been valid and performance of them legal. When performance of them was entered upon by the bankrupt, without such compliance by it, such performance became illegal and rendered the contracts void from that time on as against plaintiff. This was held by the Supreme Court of Alabama in the case of Alabama Western Railroad Co. v. Tally Bates Construction Co., 162 Ala. 396, 50 South. 341. The language of the court in that respect was as follows:

"We are not inclined to concur in appellant's contention that the contract was void ab initio because compliance with the statute did not antedate its execution. Necessarily, however, the contract was entered into with the purpose that it should be executed in this state. It could not be executed elsewhere. It must be taken to have contemplated legal action by the plaintiff, since compliance with the statute was a condition precedent of plaintiff's right to build the railroad. A promise to comply is implied as an essential and necessary element of the contract, if it is to be sustained and enforced as a valid agreement. When the time came for the execution of the agreement, and the plaintiff failed to take the necessary steps to comply with the statute—thus leaving the defendant without a protection for which he had stipulated, viz., the power to redress any wrong which it might suffer in the courts of this state—the defendant had a right under the law to renounce the contract, then or at any subsequent time, as for a breach by the plaintiff. Diamond Glue Co. v. United States Glue Co., 187 U. S. 611, 23 Sup. Ct. 206, 47 L. Ed. 328."

In the case of Diamond Glue Co. v. United States Glue Co., 187 U. S. 611–613, 23 Sup. Ct. 206, 207, 47 L. Ed. 328, the Supreme Court said of a similar Wisconsin statute and a similar contract held by it to be unenforceable by reason of the statute:

"According to the undisputed testimony of the plaintiff's vice president, who executed the contract, the instrument was signed in Wisconsin, and at all events, if it was executed with a view to the carrying on of business in that state by the plaintiff, the law of Wisconsin must be applied."

The cases from Alabama cited in the brief of counsel for plaintiff are to be distinguished, in that in those cases violation of the statute was claimed to have arisen from the making of the contracts, which occurred beyond the limits of the state, and not from a performance within the state.

The purpose of such legislation is to prevent noncomplying foreign corporations from engaging in corporate business within the state. The performance, as well as the execution, of contract, is the doing of business and is prohibited. If the making of the contract outside the state legalized its subsequent performance within the state, the defeat of that part of the statute would be so easy of accomplishment as to destroy its usefulness. This was recognized by the Supreme Court in the case of Building Association v. Denson, 189 U. S. 408, 23 Sup. Ct. 630, 47 L. Ed. 870. On page 415 of 189 U. S., page 632 of 23 Sup. Ct. (47 L. Ed. 870), the court said:

"Counsel has discussed at some length the situs of contracts and by the law of what place their obligation is determined. We think, however, that

the discussion is not relevant. It withdraws our consideration from the Constitution and statute of Alabama; and, it is manifest, the contention based upon it, if yielded to, would defeat their purpose. The prohibition is directed to the doing of any business in the state in the exercise of corporate functions, and there can be no doubt that petitioner considered that it was exercising such functions in the state. Its secretary testified that, 'at the time the loan to defendant Denson was made, complainant association had been for some time soliciting subscriptions to stock and receiving applications for loans in the state of Alabama, and had paid a tax or license fee required under the laws of the state of Alabama for foreign corporations proposing to do business in that state, and complainant's officers supposed and understood that the payment of this fee or tax was the only condition with which it was necessary for them to comply in order to be entitled to do business in that state.' The application of Denson was presumably solicited as other applications were, and if what was done in pursuance of it did not constitute doing business in the state, the effect would be, as expressed by the Circuit Court of Appeals, that petitioner 'and other foreign associations engaged in the same business of loaning money on real security may safely flood the state of Alabama with soliciting agents, make all negotiations for loans, take real estate securities therefor, and fully transact all other business pertaining to their corporate functions as though incorporated therein, and yet neither be obliged to have a known place of business or any authorized agent within the state, nor pay any license tax or fee, as required of nonresident corporations doing business therein.' "

From this it seems clear that the place of execution of the contract is of no moment if the prior negotiations leading up to it or the subsequent performance of it constituted an engaging in business by the delinquent foreign corporation within the limits of the state.

[6] The fact that the statutory prohibition is directed against the performance as well as the making of the contract is convincing that no action can be maintained upon the implied contract or upon a quantum meruit. The acts prohibited by the statute are as much the basis of recovery under the implied contract as they are under the express contract. The making of the express contract, when it is made outside the state, is legal. The illegality is then in the performance of it, and this illegality enters into and destroys the cause of action upon the implied contract just as it does upon the express contract. Dudley v. Collier, 87 Ala. 431–433, 6 South. 304, 13 Am. St. Rep. 55.

[7] It is also contended that the contract has been executed on the plaintiff's part, and that nothing remains to be done under it except payment of the stipulated compensation for performance, and that the defense does not apply to such an executed contract. The Supreme Court of Alabama, in the case of Dudley v. Collier, 87 Ala. 431, 6 South. 304, 13 Am. St. Rep. 55, however, said:

"The contract for services here sued on bears date March 8, 1887, and is therefore subsequent to the foregoing prohibitory enactment. The case, then, is reduced simply to this: Assuming the facts stated in the plea to be true, as admitted by the demurrer, the plaintiffs are the agents of a foreign corporation, which has failed to comply with the requirements of this statute. Neither the corporation nor the agents, therefore, are authorized to transact any business in Alabama. A loan or borrowing of money, by or from such company, in this state, is an unlawful act, subjecting both the agents and the company to a heavy penalty. The services here sued for are for the doing of this prohibited act. The consideration of the defendant's promise is an act in express violation of the Constitution and laws of Alabama. The contract to pay for such illegal services is itself necessarily illegal, as a

promise made in consideration of an act forbidden by law; and, being executory, the courts will not lend their aid to its enforcement."

This language forbids the contention that this contract is such an executed one as prevents the interposition of the defense of illegality, and also the contention that an action on the implied contract would lie though none on the express contract could be maintained.

The case of Building Association v. Denson, supra, is decisive that the doing of a single act of business, as held by the Alabama decisions, will be considered as an engaging in business in violation of the statute, in the federal courts. However, performance, in this case, is shown to have consisted of repeated acts, extending over a period of two years.

[8] Each contract was entire, as was the consideration, and, if void, is void in its entirety. It is either a transaction of interstate commerce as an entirety or not at all. Hence there could be no separation of it into intrastate and interstate business, so as to justify a recovery for the latter alone.

For these reasons, I think the defense relied on by the defendant is made out, and a judgment for the defendant will be entered.