Hogan, J.
 

 The trial justice held that the contract in question was to be wholly performed in the state of Pennsylvania, and the law' of that state holding the contract valid and enforceable governed its operation and effect, consequently the plaintiff could not succeed in this action for the reason that submission to arbitration was a valid condition precedent which had not been complied with.
 

 The clause of the contract, quoted in the statement of facts, confers upon the engineer, the arbitrator, power to determine the effect of any stipulation of the contract and whether or not there has been a performance of the same by either party, and to decide
 
 “ all matters in dispute arising or growing out of the
 
 contractIt further provides not only that the decision of the engineer as arbitrator shall be final and conclusive between the parties, hut each party
 
 “ waives all right of action, suit or suits or other remedy in law or otherwise under this contract or arising out of the same to enforce any claim except as the same shall have been determined by said
 
 arbitrator.”
 

 Numerous cases involving contracts containing clauses relating to arbitration have been before this court for consideration. In Prest.,
 
 etc., Delaware & Hudson Canal Co.
 
 v.
 
 Pennsylvania Coal Company
 
 (50 N. Y. 250) the question was fully considered, and a distinction made between the provisions of a contract providing that before a right of action shall accrue certain facts shall be determined, or amounts or values ascertained, and an independent covenant or agreement to provide for the adjustment and settlement of all disputes and differences by arbitration to the
 
 *347
 
 exclusion of the courts. In subsequent decisions the distinction thus pointed out had been recognized and approved.
 
 (Seward
 
 v.
 
 City of Rochester,
 
 109 N. Y. 164;
 
 Sweet
 
 v.
 
 Morrison,
 
 116 N. Y. 19;
 
 National Contracting Co.
 
 v.
 
 H. R. W. P. Co.,
 
 170 N. Y. 439;. id. 192 N. Y. 209.)
 

 In
 
 Guaranty Trust & S. D. Co.
 
 v.
 
 Green Cove S. & M. R. R. Co.
 
 (139 U. S. 137-142), an action brought to foreclose a mortgage which provided therein that the mode of sale set forth “ shall be exclusive of all others,” the court held that such clause was invalid, as tending to oust the jurisdiction of the courts. In
 
 Sanford
 
 v.
 
 Accident Association
 
 (147 N. Y. 326) the action was brought to recover on a certificate of insurance which contained the following clause:
 

 “It is hereby stipulated and agreed, by and between this association and the member named herein and his beneficiary, that the issues in any action brought against it under this certificate shall, on the demand of this association or its attorney, be referred for trial to a referee to be appointed by the court in which such action is brought. ” An order of reference made against the objection of plaintiff was reversed by the General Term, and the latter order was affirmed by this court, which held that the clause of the contract above quoted was contrary to public policy and not binding on the parties thereto.
 

 Tested by the principles of the cases cited, we conclude that the language employed in the contract in question is susceptible of but one construction, namely, an attempt on the part of the parties to the same to enter into an independent covenant or agreement to provide for an adjustment of
 
 all
 
 questions of difference arising between the parties by arbitration to the exclusion of jurisdiction by the courts.
 

 Notwithstanding the decisions of the courts of Pennsylvania that the contract as to arbitration was valid and enforceable in that state, judicial comity does not require us to hold that such provision of a contract which is con
 
 *348
 
 trary to a declared policy of our courts
 
 (White
 
 v.
 
 Howard,
 
 46 N. Y. 144;
 
 Despard
 
 v.
 
 Churchill,
 
 53 N. Y. 192;
 
 Faulkner
 
 v.
 
 Hart,
 
 82 N. Y. 413; St.
 
 Nicholas Bank
 
 v. State Nat.
 
 Bank,
 
 128 N. Y. 26;
 
 Marshall
 
 v.
 
 Sherman,
 
 148 N. Y. 9;
 
 Bearing
 
 v.
 
 McKinnon D. & H. Co.,
 
 165 N. Y. 78;
 
 Hutchinson
 
 v. Ward, 192 N. Y. 375) shall be enforced as between non-residents of our jurisdiction in cases where the contract is executed and to be performed without this state, and denied enforcement when made and performed within our state.
 

 As a new trial must be ordered in this case, we conclude that the engineer mentioned
 
 in the
 
 contract in controversy between the parties had reference to the engineer at the time that the several acts were to be performed by such officer, and that the decease of the first engineer did not prevent his successor from performing all of the obligations of the contract to be performed by him.
 

 The judgment should be reversed and a new trial ordered, costs to abide the event.