AKTIESELSKABET KORN–OG FODERSTOF KOMPAGNIET v. REDERI-AKTIEBOLAGET ATLANTEN.

(Circuit Court of Appeals, Second Circuit. April 10, 1918.)

No. 141.

1. CONTRACTS ⬅127(2)—LEGALITY—AGREEMENT FOR ARBITRATION.
    Under the laws of New York, a provision that disputes between the charterer and the owner of a vessel should be settled by arbitration is unenforceable, because it would be held to affect only the remedy and to be contrary to public policy, as ousting the courts of jurisdiction.

2. COURTS ⬅372(1)—PRECEDENTS—WHAT LAW GOVERNS.
    On a question of general law involved in an admiralty suit brought in the federal District Court for New York, the decisions of the highest state court are not binding.

3. ARBITRATION AND AWARD ⬅8—CONSTRUCTION OF CHARTER PARTY—ARBITRATION CONTRACT.
    A provision in a charter party that all disputes should be settled by arbitration, etc., cannot be regarded as providing for assessment of the amount of damages claimed, leaving the question of liability for the courts, and so is no bar to an action in court, even if it may support an action for breach of the agreement to arbitrate.

4. ARBITRATION AND AWARD ⬅25—AGREEMENTS IN CHARTER PARTY—BREACH.
    Where no arbitration had actually been begun and expenses incurred, only nominal damages can be recovered for a breach of a covenant in a charter party providing for arbitration of all disputes.

5. SHIPPING ⬅58(3)—CHARTERS—CONSTRUCTION OF "PENALTY" CLAUSE IN CHARTER PARTY.
    A clause in a charter party, "penalty for nonperformance of its agreement to be proven damages, not exceeding estimated amount of freight," is a provision for a penalty, and cannot be construed to limit the

recovery of the charterer for the owner's entire repudiation of the charter and refusal to enter on its performance.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Penalty.]

6. SHIPPING ⬤⇒58(3)—CHARTER PARTIES—CONSTRUCTION.

In view of a provision of the charter party for arbitration of disputes before referees, one to be selected by the captain, a clause in the charter party declaring that penalty for nonperformance should not exceed the estimated amount of freight, though accepted as a limitation of liability, cannot be deemed applicable to the case of an entire repudiation of the charter.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by the Aktieselskabet Korn-og Foderstof Kompagniet against the Rederiaktiebolaget Atlanten. From a decree for libelant (232 Fed. 403), respondent appeals. Affirmed.

Haight, Sandford & Smith, of New York City (C. B. Smith, of New York City, of counsel), for appellant.

Burlingham, Montgomery & Beecher, of New York City (R. H. Hupper, of New York City, of counsel), for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. The libel, containing a clause of foreign attachment, alleged that the libelant, for brevity herein called the Korn-og Company, a Danish corporation, chartered the steamer Atlanten of the respondent, for brevity called herein the Atlanten Company, a corporation of Sweden, to proceed to Key West for orders and load a full cargo of oil cake at Galveston, New Orleans, or Pensacola for a Danish port or ports. The charter party was executed at Copenhagen September 30, 1914. While the steamer was on her way to the United States, the respondent wrote from Helsingborg, Sweden, to the libelant at Copenhagen, Denmark, notifying the libelant that it canceled the charter, but was willing to carry on the same voyage at a much higher rate of freight, there having been a very considerable rise in the market. It stated at the same time that it was willing to pay damages, not exceeding the estimated amount of freight under clause 21 of the charter party, which necessarily included clause 24. The libelant replied that it would hold the respondent under the charter liable for all losses incurred by the breach. The claim was for $44,000.

The answer set up two clauses of the charter party in defense and averred its readiness to comply with them:

"21. If any dispute arises the same to be settled by two referees, one appointed by the captain and one by charterers or their agents, and if necessary, the arbitrators to appoint an umpire. The decision of the arbitrators or umpire, as the case may be, shall be final, and any party attempting to revoke this submission to arbitration without leave of a court, shall be liable to pay to the other, or others, as liquidated damages, the estimated amount of chartered freight.

*    *    *    *    *    *    *    *

"24. Penalty for nonperformance of this agreement to be proven damages, not exceeding estimated amount of freight."

Upon libelant's exceptions to the answer on the ground that it set up nothing constituting a defense in law, Learned Hand, J., entered a decree in favor of the libelant for $39,016.30, the stipulated amount of its damages, with interest and costs.

[1-4] The first question is whether the allegation in the answer, which must be taken to be true, that the agreement to arbitrate was valid and binding by the law of Denmark, where the charter was executed, as well as by the law of Sweden, where the steamer belonged, makes it enforceable here. This clause cannot be regarded as a condition precedent to the maintenance of a subsequent suit in the courts because it provides that the arbitrators shall "settle"—that is, dispose of—the dispute. The case, therefore, does not fall within the decisions which hold that agreements, such as to ascertain the amount or extent of the claim by arbitration as a condition precedent to a suit in the courts, are valid because the question of liability is left to be determined by the courts. Hamilton v. Liverpool, L. & G. Ins. Co., 136 U. S. 242, 10 Sup. Ct. 945, 34 L. Ed. 419. Under the law of the state of New York, clause 21 is clearly unenforceable because under the decisions of the Court of Appeals it would be held to affect the remedy only and to be contrary to public policy as ousting the courts of their jurisdiction. Meachem v. Railroad Co., 211 N. Y. 346, 105 N. E. 653, Ann. Cas. 1915C, 851; U. S. Refining Co. v. Trinidad Lake Co. (D. C.) 222 Fed. 1006. The question being one of general law, the decisions of the Court of Appeals of the state of New York are not binding upon the federal courts. It is, however, fair to assume from Hamilton v. Home Insurance Co., 137 U. S. 370, 11 Sup. Ct. 133, 34 L. Ed. 708, that an agreement like this, which leaves the disposition of the whole matter to arbitration is not a bar to an action in court, even if it may support an action for breach of the agreement. In such a case, when no arbitration has been actually begun and expenses incurred, only nominal damages could be recovered. Munson v. Straits of Dover S. S. Co. (D. C.) 99 Fed. 787.

[5] We have next to inquire whether clause 24 is a limitation of liability or a penalty. Some such clause has been usual in charter parties from time immemorial and its history is admirably treated by Mr. Justice Bailhache in Wall v. Rederaktiebolaget Luggode, [1915] 3 K. B. 66. He shows that it has always been regarded as a penalty and that the addition, frequent for some years past, of the words "to be proven damages," not exceeding estimated amount of freight, do not make it a limitation. Such is the legal meaning of every penalty clause. His construction was expressly approved by the Court of Appeal—[1916] 2 K. B. 826—and by the House of Lords in Watts v. Mitsui & Co., Ltd., [1917] A. C. 227. In the Court of Appeal Swinfen Eady, L. J., said:

"There remains the third point. It is contended that, having regard to clause 13 of the charter party, the general damages recoverable are limited to £3,500, the estimated amount of freight. This clause is a little different from the clause which used formerly to be inserted in charter parties. The old form was 'Penalty for nonperformance of this agreement estimated amount of freight.' There is no doubt that in such a case the estimated amount of the freight was a penalty. On proof of the breach, judgment could

have been recovered for the amount of the penalty, but only as a penalty, and execution would have been limited to the damages which were proved, the judgment only standing as security for such damages. That was the position if the action was brought in respect of the penalty. At the same time the plaintiff would have been entitled to sue for general damages, and he would have recovered whatever damages were proved to have resulted in the ordinary course. In the present charter party the clause runs thus: 'Penalty for nonperformance of this agreement proved damages, not exceeding the estimated amount of freight.' It is a form which seems to have been in use for a considerable time, because in Scrutton on Charter Parties (4th Ed.) p. 322, published in 1899, the form given is in substantially the same language—'penalty for nonperformance of this agreement to be proved damages, not exceeding estimated amount of freight due under this charter.' There is a footnote: 'This clause is worthless and unenforceable.' Bailhache, J., was of opinion that the parties here only intended to express in an extended form the effect of the ordinary penalty clause. He thought that the clause was nothing more than the old common form writ large. That is not quite accurate. Under the old form, as I have pointed out, judgment could be recovered for the penalty as such. Under the amended form, the plaintiff could not recover judgment for the entire estimated amount of freight as a penalty, because it is not a penalty. The clause says that the penalty is to be the 'proved damages, not exceeding the estimated amount of freight.' The proved damages as such cannot be a penalty, because that is the sum which the plaintiff is entitled to recover. The learned judge, has, however, given the true explanation of the clause, namely, that the framers of the clause endeavored to state the effect of the old form and they endeavored to improve it. At any rate the clause comes within that head of the charter party which purports to provide a penalty for nonperformance of the charter, and it has no reference to a claim for general damages. Whether or not the clause be meaningless as a penalty clause, it does not limit the amount which can be recovered under the charter party as general damages. Suppose, for instance, an action were brought on the charter party against the shipowner for breach of the implied condition to supply a seaworthy ship, it might be that the loss would be very great. The action could be brought on the charter party, although it is usually brought on the bills of lading, and if it were brought effectively on the charter party it could not be contended that in such a case the damages were so limited. In Elderslie Steamship Co. v. Borthwick, Lord Macnaghton said: 'It is a wholesome rule that a shipowner who wishes to escape the liability which might attach to him for sending an unseaworthy vessel to sea must say so in plain words.' In my opinion, having regard to the construction of the charter party as a whole, this clause has no reference to the general damages; it has only reference to the penalty, and it may be that, owing to the language in which it is expressed, where the clause is in this form there is in strictness no penalty. It cannot, however, be held to limit the general damages recoverable for breach of contract."

It is of the utmost importance that commercial documents of familiar form going into all parts of the world should as far as possible be understood everywhere in the same way, which makes us the more content to follow the English decisions. If the clause be a penalty, the injured party has the right either to sue under it for his damages, not exceeding the estimated amount of freight, or to sue for his actual damages under the covenants of the charter party as the libelant has done in this case.

[6] Even if clause 24 were to be treated as a limitation, we think it would not apply to this case. The respondent does not seek to repudiate the charter, but contends that it authorizes a withdrawal at any time. To us, however, both clauses 21 and 24 seem to contemplate disputed breaches by either party during the performance of

the charter party and not a refusal of either party to perform at all. The fact that the arbitrator for the owners is to be appointed by the captain is strong evidence of this. We find it difficult to believe that the owner was given the privilege of discharging cargo and handing it back to the charterer after it had been loaded, so that it might avail of a higher freight from some one else. No doubt the parties could agree that either might deliberately and for his own interest withdraw entirely from the charter and be responsible for no more than the estimated amount of freight. But if that were their intention they should have expressed it in unmistakable language. We do not think they have done so. The construction seems to us as little reasonable as if a carrier were to say that the familiar clause in bills of lading to the effect that his liability should be limited to a fixed sum or to the invoice value, applied to a deliberate damage, destruction or appropriation of the goods by him.

The decree is affirmed, with interest and costs.

HOUGH, Circuit Judge (concurring). I entirely agree with the disposition made of clause 24. As to clause 21, it is undeniable that American authority is at present as stated in the court's opinion; whether the rule as given can long survive historical and logical criticism, I venture to doubt. Concurrence as to clause 21 I rest on the plain fact that respondents repudiated their agreement in toto, and thereby debarred themselves from insisting upon any single subordinate part thereof. Jureidini v. National, etc., Co., [1915] A. C. 499.